IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

COLBY LEE APLIN,

    Plaintiff,

v.

OREGON DEPARTMENT OF CORRECTIONS, et al.,

    Defendant2.

Case No. 6:17-cv-01142-MO

ORDER

MOSMAN, District Judge.

Plaintiff in this prisoner civil rights cases asks the Court to reconsider its earlier decision to dismiss Defendant "Dr. Winters" from this case. Plaintiff included Dr. Winters as a party to the Complaint, but counsel for Defendants was unable to waive service on Dr. Winters' behalf because it could not identify that particular individual. "ODOC was unable to determine the identity of 'Dr. Winters' based on the allegations

1 - ORDER

in the complaint. There is no 'Dr. Winters' employed by ODOC." Waiver of Service (#12), p. 1 n. 1.

On December 4, 2017, the Court advised Plaintiff that if she wished to proceed against Dr. Winters, she must provide the Court and counsel for Defendants with Dr. Winters' full name, employer, and any information that might help identify Dr. Winters for waiver of service purposes. When Plaintiff failed to do so, the Court dismissed Dr. Winters from this case on January 18, 2018.

Plaintiff now asks the Court to reconsider its dismissal of Dr. Winters, alleging that she intended to bring suit against M. Winter, whom she now identifies as a correctional counselor.[1] Although the State is now able to identify the party at issue as Correctional Counselor Winter-Schuller, Plaintiff's makes no allegations in her Amended Complaint as to Ms. Winter-Schuller. Accordingly, where Plaintiff fails to state a claim against Ms. Winter-Schuller, the Court need not add her as an additional defendant.

Also before the Court is Plaintiff's Motion for Temporary Restraining Order (#49). According to Plaintiff, she was arrested on new charges last month, and she believes she is at

potential risk of returning to the Snake River Correctional Institution (SRCI"). She fears that if she is in fact returned to SRCI, she might receive inadequate medical treatment, and asks that the Court preliminarily enjoin any such action. Plaintiff's concerns are highly speculative at this point such that preliminary injunctive relief is not appropriate. *See Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction.").

## CONCLUSION

Plaintiff's Motion for Reconsideration (#46) and Motion for Temporary Restraining Order (#49) are denied.

IT IS SO ORDERED.

DATED this 12 day of April, 2018.

Michael W. Mosman
United States District Judge

---

[1] Plaintiff previously identified Defendant Winters as the head of the medical department at the Snake River Correctional Institution.

3 - ORDER