IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**COLBY LEE APLIN,**

    Plaintiff,

v.

**OREGON DEPARTMENT OF CORRECTIONS; et al.,**

    Defendants.

No. 6:17-CV-1142-MO

OPINION AND ORDER

**MOSMAN, J.,**

Plaintiff Colby Aplin is proceeding *pro se* in this 42 U.S.C. § 1983 civil rights action. In her Amended Complaint [26] and the "Supplement" to her Amended Complaint [27], she alleges that Defendants Oregon Department of Corrections (ODOC), Colette Peters, Steve Shelton, Stephen Cook, Ashley Clements, Garth Gulick, Aimee Hughes, Judy Bradford, and Cari Crites (Defendants) violated her Eighth and Fourteenth Amendment rights while she was incarcerated within ODOC. Defendants seek summary judgment on Ms. Aplin's claims on the grounds that she failed to exhaust her prison administrative remedies before filing this civil rights action. For the reasons explained below, I GRANT Defendants' Motion for Summary Judgment [58] and dismiss this case with prejudice.

## BACKGROUND

ODOC had custody of Ms. Aplin from August 5, 2014, until October 5, 2017. Since her release from ODOC's custody in October 2017, Ms. Aplin has been out of custody for approximately 7 days; otherwise, Multnomah County has had custody of her on new criminal charges, and Ms. Aplin is

1 –ORDER AND OPINION

currently in Multnomah County's custody awaiting trial. *See* Multnomah Co. Circuit Court Case Nos. 17CR66725 and 18CR09982.[1] Ms. Aplin filed this action on July 21, 2017 while still in ODOC's custody. She filed her Amended Complaint and Supplement on November 27, 2018, while incarcerated by Multnomah County. The record in this case reflects that Ms. Aplin did not file any documents in this action during the approximately seven days she was not in custody.

Ms. Aplin claims the Defendants violated her Eighth Amendment rights by acting with deliberate indifference to her serious medical needs in a variety of ways, including not scheduling a colonoscopy or "EGD" for her. [26 at pp.7-9 and 27 at pp.6-10]. Ms. Aplin also alleges Defendants violated her Fourteenth Amendment rights by placing her in an all-male facility (Snake River Correctional Institution) and labeling her transgendered and as suffering from gender dysphoria. [26 at pp.10-11]. Ms. Aplin's labeling claim is based on her argument that she has the right to express and define herself outside of ODOC's labeling process. (*Id.*).

ODOC has administrative rules regarding filing and processing grievances. [60 at ¶ 6]. Inmates learn about these rules during their inmate orientation and in their prisoner handbooks. *Id.* at ¶¶ 6 and 8. Inmates can ask any housing unit officer for a grievance form, and grievance instructions are available with the grievance forms. *Id.* at ¶ 8. ODOC's rules generally require that inmates submit grievances within thirty calendar days of the event giving rise to the grievance. *Id.* at ¶ 11. When a grievance is accepted, staff provide the inmate an initial response within forty-five days, unless the grievance requires further investigation. *Id.* at ¶ 12. If the inmate is dissatisfied with the initial response to a grievance, he or she may appeal the denial in a two-level system of review. *Id.* at ¶ 14. The inmate must file the first level of appeal within fourteen calendar days after the grievance coordinator sent the initial response to the inmate. *Id.* at ¶ 15. A functional unit manager reviews the first-level appeal. *Id.*

---

[1] I take judicial notice of the documents in Ms. Aplin's state court criminal cases. *See* Fed. R. Evid. 201.

2 –ORDER AND OPINION

If the inmate is not satisfied with the functional unit manager's response, the inmate may appeal by filing a second-level appeal within fourteen calendar days from the date the first grievance appeal was sent to the inmate. *Id.* at ¶ 16. An assistant director conducts the second level appeal. *Id.* at ¶17. The assistant director issues a final administrative decision. *Id.*

While incarcerated within ODAC, Ms. Aplin filed twenty-three grievances and five discrimination complaints. *Id.* at ¶ 18. ODAC has identified three grievances and discrimination complaints that pertain to Ms. Aplin's claims in this case. *Id.* at ¶¶ 19-22. All three grievances or complaints identified by Defendants relate to lack of care for polyps or a wart. *Id.* ODAC's records show that Ms. Aplin did not exhaust any of these three grievances or complaints. *Id.*

Defendants filed their Motion for Summary Judgment on April 26, 2018. On April 27, 2018, I issued a Summary Judgement Advice Notice and Scheduling Order. [62]. As well as setting deadlines for Ms. Aplin's Response, the Order explained that, if granted, Defendants' Summary Judgment Motion could end Ms. Aplin's case and explained what Ms. Aplin needed to do to oppose the Motion. (*Id.*). Ms. Aplin filed a ninety-nine page response[2] along with several declarations on May 31, 2018. [71], [72], [73], and [74]. She filed a second opposition and declaration on June 18, 2018. [81] and [82]. Defendants filed replies to all of Ms. Aplin's reponses. [78] and [84].

## LEGAL STANDARD

At summary judgment, the moving party bears the initial burden of pointing out the absence of a genuine issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). This burden is met either by "produc[ing] evidence negating an essential element of the nonmoving party's claim or show[ing] that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden

---

[2] Ms. Aplin also filed a Response on May 25, 2018. [70]. She moved to withdraw the May 25, 2018, Response on June 11, 2018 [80], and I granted her Motion and struck the May 25, 2018, Response from the record. [85].

3 –ORDER AND OPINION

of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000). If the moving party carries its burden, the burden shifts to the non-moving party to set forth evidence to support its claim and to show there is a genuine issue of fact for trial. *Id.* The court views the record in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotations and citation omitted). This is especially true when the non-movant is a *pro se* litigant. *Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984) (stating *pro se* pleadings are liberally construed, particularly where civil rights claims are involved). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587 (quotations and citation omitted).

## DISCUSSION

Defendants argue for summary judgment on Ms. Aplin's claims against them because Ms. Aplin did not exhaust her administrative remedies before bringing this lawsuit. In her Opposition to Defendants' Motion, Ms. Aplin provides evidence that she complained that she did not receive adequate medical care while incarcerated within ODOC and filed grievances about the lack of care. She does not, however, provide any evidence that she exhausted any of the grievances she filed about her lack of medical care or that she filed any grievances regarding ODOC's labeling her transgender or as suffering from gender dysphoria. For example, the declaration of one of Ms. Aplin's lawyers, Brian Schmonsees, states that Ms. Aplin suffered from a serious medical condition and told him that ODOC refused to treat her condition but makes no mention of Ms. Aplin's efforts to exhaust her administrative remedies. [82]. Similarly, the declaration of Ms. Aplin's sister-in-law, Mumta Purohit, is silent with regard to Ms. Aplin's exhaustion of her grievances but asserts that Ms. Aplin complained about her medical care while incarcerated by ODOC. [74].

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, requires prisoners to exhaust all administrative remedies before they file an action in federal court. *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Prisoners must exhaust their prison administrative procedures regardless of the type of relief sought and the type of relief available through administrative procedures. *Morton v. Hall*, 599 F.3d 942, 945 (9th Cir. 2010). "[O]nly those individuals who are prisoners (as defined by 42 U.S.C. § 1997e(h)) at the time they file suit must comply with the exhaustion requirements of 42 U.S.C. § 1997e(a)." *Talamantes v. Leyva*, 575 F.3d 1021, 1024 (9th Cir. 2009) (concluding that because Talamantes was released from custody over a year before filing his action in federal court, he was not required to exhaust administrative remedies before filing his action). The PLRA defines a prisoner as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h).

Ms. Aplin clearly met the PLRA's definition of "prisoner" when she filed this action and when she filed her Amended Complaint; therefore, she is subject to the PLRA's administrative exhaustion requirements. Even viewing the record in a light most favorable to Ms. Aplin, no rational trier of fact could find that she exhausted ODOC's administrative review process for any of the three grievances she filed. Accordingly, I grant Defendants' Motion for Summary Judgment.

## CONCLUSION

I GRANT Defendants' Motion for Summary Judgment [58] and dismiss this action with prejudice.

DATED this 10 day of July, 2018.

MICHAEL W. MOSMAN
Chief United States District Judge